[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE NOVEMBER 3, 1989 DATE OF APPLICATION NOVEMBER 22, 1989 DATE APPLICATION FILED NOVEMBER 22, 1989 CT Page 9104 DATE OF DECISION JULY 22, 1997
Application of review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR88-158162
Louis Avitabile. Esq., Defense Counsel for Petitioner.
Atty. Karen Diebolt, Assistant State's Attorney for the State.
The petitioner was convicted by a jury of the crime of Murder in violation of 53a-54a of the Conn. General Statutes. The court imposed the maximum sentence of life imprisonment, which translates, by statute, to 60 years incarceration.
The defense counsel did comment upon the fact that the petitioner and the victim were friends of many years, and both did partake of narcotics together on the fateful night. Defense counsel emphasized that the Division should take into consideration that both were friends, that the petitioner was only 26 years of age at the time of the offense, and that 60 years was excessive under all the circumstances. Defense counsel recommended a reduced sentence of 40 years incarceration.
The state's attorney emphasized the brutal nature of the killing. At sentencing the state's attorney related that the victim suffered multiple stab wounds to the head and chest, "at least eight of these wounds directly to the heart of the victim."
The state's attorney further stressed the fact that at the time of the murder the defendant was on parole out of New Jersey for aggravated assault and had no permission to be in Connecticut. The state's attorney further indicated that the sentencing court considered the petitioner's narcotic intoxication at the time of the crime. CT Page 9105
The petitioner addressed the Division and indicated that it was the victim who summoned him to Connecticut on the day of the subject murder, and he claimed that the facts do not support the finding of murder.
The sentencing court indicated its confidence that the element of intent has been duly proven and distinguished that from the issue of motive. The court further commented on the petitioner's prior record of assaultive behavior and found no mitigation in the petitioner's background. The court considered the petitioner's involvement of drug trafficking at the time of the murder and deemed petitioner to be a "menace to society."
Pursuant to Conn. Practice Book § 942 the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deferent, rehabilitative, isolative and denunciatory purpose for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Conn. Practice Book § 942 and Conn. General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Conn. Practice Book § 942.
The sentence imposed was neither inappropriate or disproportionate.
This sentence is AFFIRMED.
PURTILL, J.
NORKO, J.
MIANO, J.